Noah B. Harlow, Plaintiff in Error, *v.* Sebastian Birger, Defendant in Error.

ERROR TO MONROE.

In the absence of proof to the contrary, it is presumed that a justice of the peace, who has taken an acknowledgment of a chattel mortgage, has entered in his docket the inventory required by law.

The law does not require that any certificate of such entry on the docket shall be attached to the mortgage.

If the justice neglects to make the entry on his docket, he is without doubt liable to any one who is thereby injured, for the damage occasioned by such neglect.

THIS was a trial of right of property, tried first before A. Poston, a justice of the peace, February 6, 1862.

Birger, plaintiff in *fi. fa.* against A. L. Carobine, had the same levied upon four stacks of wheat, January 29, 1862. Harlow claimed the property under a chattel mortgage.

On the hearing before the justice, verdict and judgment

was rendered against claimant. Appealed by plaintiff in error to Circuit Court.

At the May term of said Circuit Court, 1862, said cause came on for hearing, and by consent a jury was waived, and the cause tried by the court.

The claimant, Harlow, to identify and prove the property, introduced *William C. Talbott*, constable, who testified that by virtue of the *fi. fa.*, dated January 4, 1862, he levied upon the stacks of wheat in controversy, on the 29th of January, 1862. He said the wheat was found on A. L. Carobine's farm, and was the crop harvested in 1861; that he was notified in writing by claimant (Harlow) that the property which he had levied upon was his.

The .claimant (plaintiff in error) then offered to read in evidence the note and mortgage, together with acknowledgment and certificate of record, dated October 28, 1861, to wit:

In consideration of and to secure $851.81, specified in a note offered to be read, Carobine conveyed to Harlow, by chattel mortgage, among other articles of property, thirteen stacks of wheat, and the crop then growing, on the farm occupied by said Carobine, which property, by the condition of the mortgage, was to remain in possession of the mortgagor, until default in payment of the note, to wit:

$851.81.                                    MONROE COUNTY, October 28, 1861.

Value received, I promise to pay to N. B. Harlow, or order, Eight Hundred and Fifty-One Dollars 81-100, on or before the 1st day of December, 1862, with ten per cent. interest after maturity.

(Signed)            A. L. CAROBINE.

and until default in the conditions in said mortgage contained, to wit:

That said mortgagor "should not trade or sell the same, or take the same, or any part thereof, out of the county, for the purpose of trading or selling the same."

But if default was made in the payment of said money or any part thereof, "or in any of the conditions," said Harlow was authorized and empowered to take possession and dispose of same at public sale. Which mortgage was duly acknowledged and recorded.

To the reading of which note and mortgage the defendant objected; which objection was by the court sustained, and excepted to by claimant Harlow at the time. Whereupon the court rendered the judgment following: "It is thereupon considered by the court that judgment for costs be entered against the said plaintiff, that defendant recover his costs herein expended and have execution, and that the property in question is subject to sale under the execution of the plaintiff in execution."

The errors assigned are:

The court erred in sustaining the motion of defendant in error to reject the note and mortgage as evidence.

The court erred in refusing to permit the said plaintiff in error to read the said note and mortgage in evidence.

The court erred in rendering a verdict and judgment for defendant in error.

The judgment as rendered is erroneous and uncertain in form and substance.

The judgment should have been for the plaintiff in error..

H. K. S. O'MELVENY, for Plaintiff in Error.

J. B. UNDERWOOD, for Defendant in Error.

The court below decided correctly in excluding said mortgage, for the following reasons:

The plaintiff did not prove, or offer to prove, any notice to the defendant, of the existence of said mortgage, either by a memorandum on the docket of a justice of the peace in the precinct, or in any other way. The record in the clerk's office is only notice as to real estate, and that only made so by statute. The chattel mortgage law requires memorandum in precinct to be constructive notice. This is an affirmative fact. The justice of the peace is not presumed to have done it, even if it is his duty, without special request of mortgagee. See *McClure* v. *Inglehardt.* The court below is presumed to have decided correctly, and considered all objections to the mortgage, whether made by counsel or not, so it cannot be presumed

this point was not made below. The rule of waiver in that respect is only applied to sustain the decision below.

In this mortgage the claimant has no right of possession till forfeiture of condition, which had not taken place when suit commenced. The only question to be tried, is, has the claimant any right to the property ? 13 Ill. 20.

Mortgagor had a saleable interest, although the use of the property was worthless. The purchaser would have acquired the right to redeem from the mortgage. 25 Ill. 282; 3 Gilm. 445.

CATON, C. J. The question here presented is, to determine the validity or effect of a chattel mortgage upon some stacks of wheat which were levied upon by virtue of an execution against the mortgagor. The claimant offered in evidence the mortgage, to which was attached a certificate of acknowledgment, and of the record of the mortgage, but there was no proof as to whether the justice of the peace had entered in his docket the inventory of the property, as the law requires. After providing for the acknowledgment of the mortgage, the statute proceeds, "And the said justice shall also keep upon his docket, a memorandum of the same as follows, viz. :" then follows a form of the entry containing an inventory of the property, and the question is, whether it was necessary for the claimant to show affirmatively that the justice had made this entry on the docket. We think it was not. This was a duty imposed upon the justice by the law, and the presumption is that he did his duty by making the entry. The law does not contemplate that any certificate of this entry upon the docket, shall be attached to the mortgage. The only certificate required is in this form : "This mortgage was acknowledged before me, by A. B. (the mortgagor) this —— day of ——, 18— " ; and the third section says, "Any mortgage of personal property so certified, shall be admitted to record by the recorder of the county in which the mortgagor shall reside at the time the mortgage is made, acknowledged and recorded, and shall thereupon, if bona fide, be good and valid from the time it is so recorded," etc. Here the law requires but two

conditions to make the mortgage *prima facie* valid.   One is the acknowledgment, and the other is recording.   Both these were complied with in this case, and the statute in express terms declares it valid under such circumstances.   What authority had the court to declare it void and reject it?   Even if it were affirmatively proved that the justice never had made the entry on his docket, which he is required to do, we should still have difficulty in holding the mortgage invalid on that account, in the face of this express language of the statute.   If any one was injured by the want of such entry, the justice no doubt would be liable to him for the damage.

But in this case there is nothing to show that the justice did not make the necessary entry, and in the absence of proof, the presumption is that he did, so that the question does not necessarily arise, as to what effect the want of such entry would have upon the validity of the mortgage.

The court erred in rejecting the mortgage, and for that reason the judgment is reversed, and the cause remanded.

*Judgment reversed.*