## AARON M. JOHNSON

*v.*

## JAMES HOLLOWAY.

1. PRACTICE—*objection to transcript of justice of the peace should specify grounds.* Where a general objection is made to the introduction of a transcript from a justice's docket in evidence in the circuit court, without any specific ground of objection being pointed out, the objection will be treated as going to the form and pertinency of the transcript, only, and it can not be urged for the first time in the Supreme Court that there is no copy of the summons or return in the transcript.

2. EXECUTION—*alias by justice of the peace before twenty days after judgment.* Where an affidavit is filed by a plaintiff, and an execution issued thereon by a justice of the peace inside of twenty days after the date of the judgment, and the execution is returned inside of the twenty days, the same affidavit will be sufficient to authorize the issuing of an *alias* execution.

3. EVIDENCE—*to justify levy upon property.* As a general rule, a sheriff or constable has only to produce a *fi. fa.*, regular on its face, to justify his levy upon and seizure of property; but when he levies on property claimed by some one else than the defendant in execution, and he denies the ownership, and the officer claims the sale by the debtor was fraudulent as to creditors, he must go farther, and show the execution was issued on a judgment.

4. FRAUDULENT SALE—*possession.* Where a debtor sells personal property by verbal contract, and retains the possession, such sale is fraudulent *per se*, as to creditors of the vendor.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. B. B. SMITH, for the appellant.

Messrs. CASEY & DWIGHT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This record shows that James Johnson executed his note to one Tipton, with John Johnson as surety, for $155. The note was transferred to Kohl & Warner. Afterwards, James Johnson was sued for slander, and whilst that suit was pending, and without having paid Kohl & Warner the note, he sold and conveyed his real and personal property, liable to execu-

tion, of the value of from six to eight thousand dollars, to his son Aaron, on time, reserving but a small portion of it. Aaron was a single man, a member of his father's family, and he testified that he was not worth over $300 at the time. He left the property on the farm, and it was used as before the sale.

Kohl & Warner brought an action on the note, and obtained judgment against James Johnson. They swore out an execution, which was returned unsatisfied, and *alias* execution was issued before the expiration of twenty days from the date of the judgment. The latter execution was levied on a portion of the personal property included in the sale by James Johnson to his son Aaron. The latter replevied the same, and on a trial in the court below, the jury found the sale to have been fraudulent and the property liable to execution, and plaintiff in the replevin suit appeals to this court.

It is first urged, that the court below erred in admitting the transcript of the justice of the peace upon which the execution was issued. When the transcript was offered to be read, there was no specific objection urged against its introduction in evidence; but it is insisted on argument, that the transcript was incomplete, as there was no copy of the summons or the return of service therein. It recites, that a summons was issued and placed in the hands of a constable, who returned it served by reading to the defendant James Johnson, and John Johnson not found.

As a general rule, a sheriff or constable has only to produce a *fi. fa.*, regular on its face, to justify his levy upon and seizure of property; but when he levies on property claimed by some one else than the defendant in execution, and he denies the ownership, and the officer claims the sale was fraudulent as to creditors, he must go farther, and show the execution was issued on a judgment.

Even under this rule it does not follow, in this case, that there was error. The objection was general, and no specific grounds were stated. Had the ground now urged been pointed out when the transcript was offered in evidence, there can scarcely be a doubt but the summons, or a copy of it, could

and would have been produced, thus showing complete jurisdiction to render the judgment. A party should not be permitted to reserve such objections to be raised for the first time in this court. If he required this proof, he should have said so, that the opposite party might have produced it. The objection being general, it applied to the form of the transcript and its pertinency as evidence. It was formal, and the copy of the return and judgment were pertinent.

It is also urged, that, the execution having been issued before the expiration of twenty days from the rendition of the judgment, it was void for the want of a proper affidavit to authorize it to issue. There had been an affidavit filed, upon which the first execution had issued, and which had been returned by order of the plaintiff. The affidavit was still on file, and was a part of the proceedings in the case, and if the facts stated in it were true when it was filed, there is nothing to show that they had ceased to be true. They were not contradicted or overcome by the return of the first execution. It, therefore, formed a proper basis upon which to issue an *alias* execution. So far as we can see, it would have been useless to have filed another, and the law never requires the performance of an useless act. The requirements of the statute were observed in this respect, and the execution was authorized and valid.

We fail to see that the instructions were calculated to mislead, or could have had that effect. It has been the uniform rule of decision in this court, that where a debtor sells personal property by verbal contract, and retains the possession, such a sale is fraudulent, *per se*, as to creditors, and it can not matter in the slightest degree, as to this question, whether the sale is to a son or to any other person, as the rule is the same. The third of appellee's instructions was, therefore, correct.

After a careful perusal of the evidence in the record, we are clearly of opinion that it sustains the finding of the jury.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*