# JOHN SCHRODER

*v.*

# MILLARD K. KELLER.

1. ACKNOWLEDGMENTS—*of deeds and mortgages.* In the acknowledgment of deeds and mortgages, a substantial compliance with the statute is all that is required.

2. CHATTEL MORTGAGE—*certificate of acknowledgment.* A certificate of a justice, that a chattel mortgage executed by a resident was duly acknowledged before such justice by the mortgagor, is a substantial compliance with the statute, without adding the words " and entered by me," provided the justice in fact makes the entry on his docket as required by law.

3. The object of the legislature in providing for the justice to certify that he had made such entry, was to make the certificate evidence of the fact that he had done so, without having to resort to the docket, and if the justice omits to state such fact in his certificate, recourse may be had to the docket itself to prove such fact.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant.

Mr. A. E. JORDAN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by this record is, whether the acknowledgment of the chattel mortgage under which appellee claims title to the property involved, is a substantial compliance with the statute.

The mortgage was acknowledged before a justice of the peace in the district where the mortgagor resided, and the docket of the justice, which was introduced in evidence, shows

that the justice made an entry thereon at the time the mortgage was acknowledged, as required by the statute, showing names of mortgagor and mortgagee, a description of the property, and the date of the acknowledgment; the certificate of acknowledgment, however, did not contain the words, "and entered by me." but it was in the following form:

" STATE OF ILLINOIS, } *ss.*
    *Grundy County.* }

" I, N. McBride, a justice of the peace in and for said county, do hereby certify that this mortgage was duly acknowledged before me by the above named George E. Wickham (the undersigned,) the 10th day of December. A. D. 1875.

"N. McBRIDE,
"*Justice of the Peace.*"

The second section of chapter 95, entitled "Mortgages," Revised Statutes of 1874, page 711, provides that a chattel mortgage may be acknowledged before a justice of the peace of the town or district where the mortgagor resides, or if the mortgagor is not a resident of this State at the time of making the acknowledgment, then before any officer authorized by law to take acknowledgments of deeds.

The certificate of acknowledgment may be in the following form:

" This (name of instrument) was acknowledged before me by (name of grantor,) (where the acknowledgment is by a resident, insert the following words: 'and entered by me,') this — day of ———, 18—.

(Seal.)          "——— ———, (name of officer.)"

It will be observed that the certificate of the officer before whom the mortgage was acknowledged, conforms strictly to the form prescribed, except the words "and entered by me," are omitted.

The mortgagor seems to have done all that was required of him in order to make the acknowledgment of the instrument valid. He appeared before a justice of the peace in the district in which he resided, and executed the instrument in the

presence of the officer, and acknowledged it to be his act and deed. When, therefore, the officer executed a certificate which established the fact that the mortgagor had appeared before him and acknowledged the instrument, this would seem to be all that could be required to make the instrument valid, provided the justice should make upon his docket the memorandum required by section three of the act, and the mortgage should be recorded, as provided by section four.

The object of the certificate of the officer endorsed upon the mortgage, no doubt, was to prove the execution of the instrument. The further statement by the justice that he had made an entry on his docket of the mortgage, could be no additional evidence that the mortgagor had acknowledged the instrument. Such statement would be foreign to the execution of the instrument—it related entirely to another subject.

The inquiry might, however, arise, what the object of the legislature was in requiring the justice to incorporate in his certificate the words, "and entered by me." The intent of this provision, no doubt, was to make the certificate of the officer evidence of the fact that he had made the memorandum required by section three, without resorting to the docket or other evidence to prove such fact. If this was the object of the act, and we perceive no other good purpose it could subserve, the omission of the officer to incorporate in his certificate that he had made the entry could not invalidate the instrument, but, on the other hand, the docket of the justice, in connection with his evidence, might be resorted to for the purpose of establishing the fact that a memorandum of the mortgage had been entered by the justice on his docket, as required by the statute.

We are, therefore, of opinion, that the mortgage was acknowledged substantially in the mode required by the statute. It is a familiar rule, that in the acknowledgment of deeds and mortgages, a substantial compliance with the statute is all that is required. The form of the certificate is immaterial, where the substantial directions of the law are observed.

*Hughes* v. *Lane*, 11 Ill. 123; *Canal and Dock Co.* v. *Russell*, 68 Ill. 426.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*