## JOHN A. KOPLIN

*v.*

## CHRISTOPHER ANDERSON *et al.*

1. CHATTEL MORTGAGE—*entry on justice's docket essential.* The omission of a justice of the peace, on taking the acknowledgment of a chattel mortgage, to make a memorandum, or entry, of the property mortgaged, on his docket, renders the mortgage invalid as to other lienholders or subsequent purchasers.

2. The entry of this memorandum in the justice's docket is an essential part of the acknowledgment of a chattel mortgage, so far as the rights of third persons are concerned. The requirement of the statute is peremptory. The mortgage being recorded in the recorder's office, will not supersede the necessity of such entry.

APPEAL from the Circuit Court of Ford county.

This was an action of replevin, brought by John A. Koplin, against Christopher Anderson and George Campbell, to recover a lot of corn. Counts in trover were added.

It appears one James Cayler, on June 1, 1876, gave the defendants a chattel mortgage on a crib of 2000 bushels of corn, and other property, to secure a debt of $1113.51, due in one year. No entry was made by the justice taking the acknowledgment, of the property, on his docket. About a month after, Cayler also executed another mortgage on the corn, properly acknowledged and entered in the justice's docket. The defendants took the corn, though forbade by the plaintiff, who then brought suit. The trial below resulted in a judgment for the defendants.

Messrs. WOOD & LOOMIS, for the appellant.

Mr. A. SAMPLE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This record presents the question, whether the omission of a justice of the peace, on taking the acknowledgment of a chattel mortgage, to make a memorandum of the property mortgaged, in his docket, renders the mortgage invalid as to other lienholders. The statute (Rev. Stat. 1874, page 711,) provides, that such instruments shall be acknowledged before a justice of the peace of the town or district where the mortgagor resides, etc., and gives the form of the acknowledgment. It also provides, that, if made by a resident of this State, the justice shall enter on his docket a memorandum of the acknowledgment, and the certificate is required to state that the instrument was acknowledged and "entered by me."* The first section provides, that no chattel mortgage shall be valid, as against the rights of third persons, unless possession of the property shall be delivered to and remain with the mortgagee, or the instrument shall provide that possession shall remain with the mortgagor, and the instrument shall be acknowledged

---

*The omission from the certificate of the words "and entered by me," will not invalidate the acknowledgment, if the entry in the justice's docket be in fact made. *Schroder* v. *Keller*, 84 Ill. 46.

and recorded as therein provided. The fourth section of the act provides, that, when the instrument is acknowledged as therein provided, it may be admitted to record in the recorder's office of the county of the mortgagor, and it shall thereupon, if *bona fide*, be good and valid from the time it is filed for record, etc.

Is, then, the entry of this memorandum in the justice's docket a part of the acknowledgment, or, if not, is it an essential requirement of the statute? The form of the justice's certificate, in which he says, "and entered by me," would seem to be almost conclusive evidence that the General Assembly intended the entry to constitute an essential part of the acknowledgment.

This enactment was intended to provide a means of permitting the mortgagor to retain possession of the property, with the consent and agreement of the mortgagee. In making this provision, the General Assembly has prescribed the acts that shall be performed to accomplish that purpose. To have that effect legally, there must be a mortgage executed by the owner of the property. It must provide, as the statute in terms declares, that the property may remain in the possession of the mortgagor, the instrument must be acknowledged before a justice of the precinct in which the maker resides, and the justice is required to make a certificate that it was acknowledged, and make an entry in his docket, giving the names of the parties, a description of the property included in the mortgage, stating that it was acknowledged, and the date thereof, and it then requires the mortgage to be recorded in the county of the mortgagor.

The requirement of the entry in the justice's docket is peremptory, as the statute provides, that "the justice of the peace shall enter in his docket a memorandum" of the acknowledgment, and gives the form in which it shall be made by him. If as valid without as with the entry, why make the requirement? The legislature did not regard it useless, or they would surely have omitted it from the enactment. We can

not impute to that body the intention to require the performance of an useless act. We must suppose they designed it to have some operative force; and if so, we must presume that, where the requirement is peremptory, it was designed to be essential. The statute contemplates that the entry shall be made at the time, and as a part, of the acknowledgment of the instrument. We presume the General Assembly intended to protect third persons from the ready means such possession by the mortgagor afforded him of perpetrating frauds by selling or again pledging the property. Hence, they endeavored to afford ample facilities to the community to acquire notice of any incumbrance that might exist on chattel property, and, at the same time, afford the creditor the means of protecting his rights. The General Assembly, therefore, as the best and most practical means of giving notice, required the acknowlment to be taken by a justice in the district in which the mortgagor resides, and where the property would generally be found, and that the memorandum of the acknowledgment and a description of the property be entered on his docket, so that any person desiring to deal with the property would only have to seek information from the dockets of the justices of the peace in the district of the person having the *indicia* of its ownership—its possession. This seems to have been the evident and the only design of this requirement. None other is perceived. Such being the design, the requirement is essential to the validity of a chattel mortgage, as to subsequent purchasers and incumbrancers. If the mortgagee is willing to permit the mortgagor to retain the possession, he can only do so by conforming to the requirements of the statute, so far as the rights of third persons are or may become involved.

After all these preliminary acts have been performed, to become valid as against subsequent purchasers and incumbrancers, there remains the further indispensable act of filing the mortgage in the proper office, to be recorded; nor is this last requirement intended to supersede or dispense with the prior acts required by the statute. The act of recording is,

obviously, designed to afford additional facilities of learning whether the property is incumbered. There is nothing in the statute from which it can be inferred that recording the mortgage should dispense with or supply the place of other requirements. To hold that the entry in the justice's docket is not essential, would be a virtual repeal of the requirement, whilst there would seem to be no doubt it was intended to have operation and effect, and we can see no other practical operation that can be given to it. We are, therefore, of opinion appellees' mortgage was invalid as to appellant's claim, and, his mortgage having been executed in accordance with the requirements of the statute, it was binding against all persons not having a prior lien; and we have seen appellees' mortgage was void, and was not a lien on the property, so far as appellant's rights were involved.

The judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*