## LOUISA C. HARTMAN

v.

B. C. COCHRANE ET AL.

1. EXECUTION—WHEN PROTECTION TO THE OFFICER.—An execution in the hands of an officer is a sufficient protection to him when sued by the party against whom he holds the execution, but when he levies upon the goods of a third person, a stranger to the execution, he must produce the judgment as well as the execution to justify the seizure.

2. PROPERTY PURCHASED BY WIFE—POSSESSION.—The evidence showed that the property in question formerly belonged to the husband of appellant, and was by him mortgaged to B, who took possession under the mortgage, and afterwards sold it, appellant becoming the purchaser; but there was no proof that any funds belonging to the husband were used in payment of such purchase. This was not sufficient to warrant the jury in finding a verdict against appellant as to the ownership of the property; nor does the fact that appellant took possession of the property and returned it to the home, where she resided with her husband, she being the owner of the farm, aid in reaching such a conclusion; nor is it material that her husband may have used and taken care of the property, provided such use and care were not inconsistent with appellant's rights as owner.

APPEAL from the Circuit Court of Christian county; the Hon. C. S. ZANE, Judge, presiding.

Mr. J. C. ESSICK and Messrs. THORNTON & HAMLIN, for appellant; upon the right of the mortgagee to foreclose the mortgage, cited Fox v. Kitton, 19 Ill. 519; Bailey v. Godfrey, 54 Ill. 507; Lewis v. D'Arcy, 71 Ill. 648; Frisbee v. Langworthy, 11 Wis. 375; Welch v. Lockett, 12 Wis. 243; Spriggs v. Camp, 2 Speers, 181; Furlong v. Cox, 77 Ill. 293.

Appellant could lawfully engage her husband to act as her agent: Brownell v. Dixon, 37 Ill. 187; Wortman v. Price, 47 Ill. 22; Pike v. Baker, 53 Ill. 163; Greenwood v. Jenkle, 68 Ill. 319.

Possession as agent is not fraudulent: Peters v. Smith, 42 Ill. 417; Dreyer v. Durand, 80 Ill. 561.

If appellant bought the property in good faith, for a valuable consideration, knowledge that it might defraud her

Hartman v. Cochrane et al.

husband's creditors, will not affect her right to hold it: Hessing v. McCloskey, 37 Ill. 341; Gray v. St. John, 35 Ill. 222; Miller v. Kirby, 74 Ill. 242.

Fraud will not be inferred because the sale was to the wife. It must be proved: Waterman v. Donaldson, 43 Ill. 29.

To vitiate a sale, both vendor and purchaser must participate in the fraud: Brown v. Riley, 22 Ill. 46; Miller v. Kirby, 74 Ill. 242; Hatch v. Jordan, 74 Ill. 414.

Where instructions calculated to mislead the jury are given, the verdict should be set aside: Carter v. Carter, 62 Ill. 439; Adams v. Smith, 58 Ill. 417; Baldwin v. Killian, 63 Ill. 550.

Mr. JOHN B. JONES and Mr. J. C. McQUIGG, for appellees; that a man's labor is valuable capital which cannot be appropriated by his wife to the exclusion of his creditors, cited Wilson v. Loomis, 55 Ill. 352.

The verdict will not be disturbed unless there is a manifest want of evidence to support it: T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Chicago City R'y Co. v. Young, 62 Ill. 238.

If it is manifest the jury were not misled by an instruction, though inaccurate, the verdict will not be disturbed: Potter v. Potter, 41 Ill. 80; Jarrard v. Harper, 42 Ill. 457.

An erroneous instruction is cured by giving another not erroneous: Lawrence v. Hagerman, 56 Ill. 68.

If there be any proof, though not direct, an instruction may be predicated upon it: Peoria M. & F. Ins. Co. v. Anapow, 45 Ill. 86.

HIGBEE, P. J.   This is a suit in replevin brought by appellant against appellees to recover the possession of personal property.   Defendants justify the taking, as constables, under executions issued on judgment against Herman Hartman, husband of appellant, and placed in their hands for collection. On the trial in the court below, the executions described in the plea were read in evidence, but no judgments were offered or read.

Defendants then attacked the title of appellant derived from defendant in execution as fraudulent, and evidence tending to

Hartman v. Cochrane et al.

show his former ownership, and that her right was fraudulent as against creditors. A verdict was found for appellees, motion for new trial overruled, and judgment rendered on the verdict, which is now assigned for error.

This finding and judgment cannot be sustained. Mrs. Hartman's title was good as against her husband, and when attacked by appellees as fraudulent as against creditors, a simple execution in the hands of.the officer is not sufficient; they must go further and show a valid judgment upon which the execution was issued.

An execution in the hands of the officer is a sufficient protection to him when sued by the party against whom he holds the execution, but when he levies upon the goods of a third person, a stranger to the execution, he must produce the judgment as well as the writ to justify the seizure. Herman on Executions, 217; Seldon v. Van Buskirk, 2 N. Y. 477; Lake v. Bellers et al. 2nd Ld. Ray 733; Martyn v. Podger et al. 5 Bun, 2631; High v. Wilson. 2 Johns. 47; Damon v. Bryant, 3 Pick, 413; Savage v. Smith, 2, Wm. Black. 1104.

If the officer seeks to impeach a sale on the ground of fraud, he must give in evidence not only the execution but also the judgment upon which it is issued. Jackson v. Hobson, 4 Scam. 412; Johnson v. Halloway, 82 Ill. 335.

The record in this case fails to show any judgment upon which the executions were issued, and without such proof the jury were not warranted in finding against the title of appellant to the property. It is also insisted that the verdict of the jury was manifestly against the evidence upon the question of fraud.

The evidence tends to show that Herman Hartman, the husband of appellant, had formerly owned the property; that he was justly indebted to one J. H. Baldwin in a large amount, and to secure the same, executed to him a chattel mortgage on the property in controversy, which was duly acknowledged and recorded as required by law.

The mortgage contained the usual provisions that the mortgagor should retain possession until default in payment, and that the mortgagee might, in case he thought himself insecure,

etc., take immediate possession. After the mortgage was recorded the executions came into the hands of defendants, but before a levy was made, Baldwin took the possession of the property and sold it to appellant.

There is no dispute that Herman Hartman was justly indebted to Baldwin, and that he owned the property when he made the mortgage, and that the debt remained unpaid when he took possession. That he had a right to reduce the property to his possession under his mortgage, and sell it to appellant, there can be no question.

True, she was a married woman, and the wife of the former owner of the property, but under the laws of this State she was competent to contract for the purchase of the property, and she did so purchase it, giving her own notes and a mortgage to secure the purchase price, no part of which had been paid when these executions were levied. No part of the husband's money, property or labor had been used by Mrs. Hartman in payment for her purchase when the levy was made, and we are wholly unable to see upon what ground the jury should find her title was fraudulent and void.

It is said that her husband was apparently in possession of the property after her purchase, just as he had been before it was taken from him by Baldwin.

Mrs. H. had a deed to the farm, and the property was used on it; it was the home of both, and after she bought she claimed to own the property, and her husband disclaimed the ownership. Such a possession was all that she could have or take consistently with the nature of the property and the uses to which it was applied, and all that the law requires under such circumstances. She was not required to move off of the place and live separately from her husband, to enable her to hold possession of the property, nor is it material that her husband may have used and taken care of the stock and other property, provided such use was not inconsistent with her rights as owner of the property.

It is also urged, however, that the husband cannot give his labor to his wife as against creditors, and that crops raised by his labor with his wife's property on her farm are liable to the

payment of his debts. It is a sufficient answer to this argument for the present, that no such state of case is presented by the record; no crops had been raised when this levy was made, but the levy was on the articles of property bought by her from Baldwin.

For these reasons the judgment is reversed and the cause remanded.

Reversed and remanded.