WESLEY B. HARVEY

*v.*

JAMES DUNN.

1. CHATTEL MORTGAGE—*certificate of acknowledgment.* A certificate of the acknowledgment of a chattel mortgage, that the mortgage was duly acknowledged before the justice by the above named C D, the mortgagor, giving the date, but omitting the words, "and entered by me," is not open to any substantial objection. It is sufficient if, in fact, the justice has made the entry on his docket as required by the statute.

2. PRACTICE—*when specific objection should be made.* Where the certificate of the acknowledgment of a chattel mortgage does not show in what town the justice taking the same holds his office, and there is no proof that the mortgagor resides in the same town, unless a specific objection is made in the court below for the want of such proof, when it is sought to introduce the mortgage in evidence, so as to afford an opportunity of removing the same by further evidence, it can not be urged in this court.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was replevin, by appellant against appellee. No question arises upon the pleadings. The parties entered into a stipulation, presenting the facts respectively relied upon, which is as follows:

"That on the 12th day of August, 1876, Thomas H. Johns signed the mortgage to the plaintiff, Wesley Harvey, said Wesley Harvey having drafted said mortgage on said August 12, 1876; that on the 15th day of August, 1876, said Thomas H. Johns went to the office of one James Russell, an acting justice of the peace, of said Iroquois county, and acknowledged the execution of said mortgage, and at said time said justice entered the same, in conformity with the statutes, on his docket, and also made a memorandum on the bottom of said mortgage, directed to the clerk of said Iroquois county circuit court, to send said mortgage, after being recorded, to Wesley Harvey, of Washington, Tazewell county, Illinois; that at the time of acknowledging said mortgage, and making said

memorandum, said justice gave it to said Johns, and Johns sent it to the recorder's office of Iroquois county, and it was, on the 16th day of August, 1876, at one o'clock P. M., of said day, duly filed for record, and it remained in said office till the 29th day of September, 1876, when it was delivered to said Johns by said clerk; that the first time said Harvey received said mortgage was on October 1, 1876; that when said mortgage was executed and acknowledged, by said Johns, before said Russell, Wesley Harvey was in Washington, Tazewell county, Illinois, and said Johns was a resident of Sheldon township, Iroquois county and State of Illinois, and had been for a long time prior thereto, and has been ever since, and all of the property in said mortgage at said time, and for a long time prior and subsequent to the acknowledging of said mortgage, was located in said Sheldon township aforesaid; that on the 22d day of September, 1876, there was a judgment entered by David Greenlee, a justice of the peace, of said Iroquois county, in favor of Charles Sherman, and against Thomas H. Johns, for the sum of $186.92; that on the 13th day of October, 1876, said justice issued an execution on said judgment, and delivered it to James Dunn, a constable of Sheldon, Iroquois county, Illinois, to execute; that by virtue of said execution, said constable levied on all of said property, set forth in the declaration, on the 14th day of December, 1876, said property, at said time, being in possession of T. H. Johns, and retained the same till said property was replevied from him by the sheriff of said Iroquois county, in the above entitled cause; that said Harvey, before replevying said property, demanded it from this defendant, and he refused to deliver it to said Harvey; that said Harvey claims title to it by virtue of said mortgage, and defendant claims said mortgage is void, as against creditors of said Thomas H. Johns, because it was not properly acknowledged and recorded, in conformity with the statute."

The chattel mortgage is in the usual form, executed by Thomas Harvey Johns to the plaintiff, W. B. Harvey, dated

August 12, 1876, describing the property mentioned in the plaintiff's declaration; consideration, $534.60. It contains the insecurity clause.

The acknowledgment and certificate of the recorder are as follows:

"STATE OF ILLINOIS, }
  *Iroquois County.* }

" I, James R. Russell, a justice of the peace, in and for said county, do hereby certify that this mortgage was duly acknowledged before me, by the above named Thomas Harvey Johns, this 15th day of August, A. D. 1876.

JAMES R. RUSSELL, *J. P.* [*Seal.*]

CERTIFICATE OF CLERK.

" STATE OF ILLINOIS, }
  *Iroquois County.* }

" I certify that this instrument was filed for record August 16, 1876, at one o'clock P. M., and duly recorded in book No. 111, page 339.

JOHN W. RIGGS,
*Clerk of the Circuit Court of Iroquois County."*

By agreement of parties a jury was waived, and the cause submitted for trial to the court. The court found the property to be in the defendant, and gave judgment accordingly, awarding a writ of *retorno habendo.*

Plaintiff appeals to this court, and assigns for error this finding of the court.

Messrs. HOLLAND & AYERS, for the appellant.

Mr. ROBERT DOYLE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only objection, as shown by the record, taken to the chattel mortgage, upon the trial below, was the general one, that "it was not properly acknowledged and recorded according to the statute." In what respect it lacked the statutory

requirements, in respect of acknowledgment and recording, was not pointed out.

So far as we have been able to discover, there is no substantial objection to the form or mode of acknowledgment, and the proof of the recording is entirely satisfactory. The omission, in the certificate of acknowledgment, of the words directed by the statute, "and entered by me,". after the words "acknowledged before me," we have held, in *Schroder* v. *Keller*, 84 Ill. 46, did not vitiate and render invalid the acknowledgment,—where, as here, the justice taking the acknowledgment did, in fact, make the entry upon his docket, as required by the statute.

But the point relied upon by appellee's counsel, to sustain the finding and judgment below, is, that it was not proven on the trial that the justice taking the acknowledgment was of the town of Sheldon, where the mortgagor resided. As above observed, it does not appear that this specific objection was urged upon the trial. The certificate of acknowledgment does not show in what town of Iroquois county the justice taking the acknowledgment holds office. It was, therefore, clearly an objection which, if it had been specifically urged, might have been removed by further proof, and it can not be heard here. *Harmon et al.* v. *Thornton,* 2 Scam. 353; *Funk et al.* v. *Staats,* 24 Ill. 632; *Wright et al.* v. *Smith,* 82 id. 527.

The latter case is a stronger case for the party claiming under the mortgage than the present. There, secondary evidence was given of a mortgage, (the original having been destroyed by fire,) which did not include proof that the mortgage was acknowledged in the proper district. The court, on motion, excluded the evidence—whether on that or other ground did not appear. A majority of the court, not including the writer of this opinion, held the exclusion of the evidence error, and that the party claiming under the mortgage was entitled to have had the specific objection that the evidence did not show that the acknowledgment was taken in the proper district,

pointed out to him, so that he might have removed it by further evidence.

In our opinion, the finding and judgment below resulted from a misapprehension of the law applicable to the case.

The judgment is reversed and the cause remanded.

*Judgment reversed.*