JOHN A. AMBLER ET AL.

v.

MARY S. TRAVER.

LEVY OF EXECUTION—TAKING PROPERTY OF ANOTHER—JUSTIFICATION —WHAT MUST BE SHOWN.—Where an officer is sued in trespass by the defendant in execution, the production of the execution is a sufficient defense for his protection, but where the property levied upon is claimed by another, he must show that the execution is based upon a valid judgment.

APPEAL from the Circuit Court of Coles county; the Hon. J. R. CUNNINGHAM, Judge, presiding.

Messrs. WILEY & NEAL, for appellants; that the evidence fails to show that the property belonged to appellee, cited Patton v. Gates, 67 Ill. 164.

Messrs. O. B. & A. C. FICKLIN, for appellee; upon the question of ownership of property, cited Wilson et al. v. Loomis et al. 55 Ill. 352.

PER CURIAM.   This was a suit in replevin by appellee against appellants, to recover certain personal property of which she claimed to be the owner.

Defendants attempt to justify the taking by showing that they were constables, and took the property on executions in their hands issued against W. H. Traver, husband of appellee, and allege that the property in controversy was the property of defendant in said executions.

On the trial appellants failed to show that any judgments had been rendered against W. H. Traver, upon which said executions were issued.

When the officer is sued in trespass by the defendant in execution the production of the execution is a sufficient defense for his protection.   But when the execution is levied upon property claimed by a third party, to justify, he must show that the execution is based on valid judgment.   Johnson v. Holloway, 82 Ill. 334;   Hartman v. Cochrane, Appellate Court, 3d District, May Term, 1878, (2 Bradwell, 592;) Jackson v. Hobson, 4 Scam. 411.

Judgment affirmed.