The People v. Hamilton.

THE PEOPLE, use, etc.,

v.

ISAAC W. HAMILTON ET AL.

1. CHATTEL MORTGAGE—JUSTICE'S ENTRY.—In an action of debt brought on a justice's bond, where the declaration alleged that the justice, in making an entry of a chattel mortgage, had omitted the date of the entry, the date of the mortgage, date of the acknowledgment, and even the certificate that it was acknowledged at all. *Held*, that it was error to sustain a demurrer to such declaration. In making these entries, the justice is a ministerial officer and liable for negligence in failing to comply with the statute.

2. NOTICE.—Actual notice of a chattel mortgage will not supply the place of acknowledgment or record against subsequent purchasers or incumbrancers.

APPEAL from the Circuit Court of Marshall county; the Hon. D. McCULLOCH, Judge, presiding. Opinion filed December 4, 1885.

This was an action of debt, brought on the justice of the

peace bond of appellee Hamilton, the other appellees being security on the bond. Among the requirements of the bond was that the principal was " well and truly to perform all and every act and duty enjoined on him by the laws of the State to the best of his skill and abilities." The declaration shows that on the 17th of August, 1882. B. F. Ridgeway, then residing in the town of Steuben, was indebted to the usees on four prom- issory notes, one for $100, due November 1, 1882 ; one for $135, due January 1, 1883 ; one for $200, due January 1, 1884 ; one for $100, due August 15, 1884 ; with 8 per cent. interest.

That said Ridgeway was owner of certain chattel property : one bay mare, twelve years old, called Flora ; one bay mare, twelve years old, called Fanny ; one black mare, eleven years old, called Lady ; one sorrel mare, ten years old, called Nellie ; one Schuttler farm wagon ; one set harness ; one Nichols, Sheppard & Co. separator, complete, with stacker, belts, fix- tures and track ; one Nichols & Co. ten-horse triple gear power, with trucks, and tumbling rods complete, and on agreement with usees made a chattel mortgage on same to secure the notes. That after making the mortgage, Ridgeway went be- fore the said Hamilton, J. P., to have the acknowledgment taken in form of law.

That Hamilton took the acknowledgment and certified the same on the mortgage.

That it was the duty of Hamilton, J. P., to make entry on his docket according to statute, according to his best skill, but that he negligently made an improper entry. The entry is as follows :

" STATE OF ILLINOIS, ⎫ ss.
 Marshall County.   ⎬

" Chattel mortgage was given by B. F. Ridgeway to Charles Jamison and Gustavus Schimpft.

" One Nichols, Shepard & Co. separator, complete, belts, fixtures, and trucks ; one Nichols, Shepard & Co. ten-horse triple gear power, with trucks and tumbling rods complete ; one bay mare, twelve years old, named Flora; one bay mare, twelve years old, named Fanny ; one black mare, eleven years old, named Lady ; one sorrel mare, ten years old, named Nelly ;

one Schuttler farm wagon ; one set double harness. Promissory notes. One note due Nov. 1, 1882, for $100 ; one note due 1st        1883, for $135; one note due 1        1884, for $200 ; one note due Aug. 15, 1884, for $100.

"I. W. Hamilton, J. P."

Alleges recording of mortgage 21 Aug., 1882, and alleges the mortgage good and valid but for the insufficient entry in docket.

Alleges value of property in the chattel mortgage ample to pay the mortgage debt, and but for the mere carelessness, etc., of said justice of the peace, the usees would have made their debt out of the property.

Alleges that after record of chattel mortgage, the property in the chattel mortgage was on valid execution issued after record of the mortgage seized and taken on such execution.

Alleges usees replevined under their mortgage, and were defeated because only of the insufficient entry in the docket. That afterward the property on writ *retorno*, was re-delivered to officer holding the execution, and property all used and exhausted under that execution.

Alleges that therefore the usees lost the chattel mortgage security. Alleges insolvency of said debtor, B. F. Ridgeway. Shows that usees had no notice of the defect in the entry till after the property had been seized, June 3, 1883.

This declaration was demurred to and the demurrer sustained, the court below holding that the entry was sufficient, and that the chattel mortgage was good and valid. The appellant abided his declaration, and' judgment was given against him for costs.

And an appeal is taken to this court and error assigned, alleging the error of the court in sustaining the demurrer and rendering judgment.

Messrs. Barnes & Barnes, for appellants; cited Durfee v. Grinnell, 69 Ill. 371; Koplin v. Anderson, 88 Ill. 120 ; Wall v. Trumbull, 16 Mich. 235 ; Christopher v. Vanliew, 57 Barbour, 28 ; Noxen v. Hill, 2 Allen, 215 ; Howe v. Mason, 14 Ia. 510 ; Tompkins v. Sands, 8 Wend. 462.

Messrs. SHAW & EDWARDS, for appellees; cited Funk v. Staats, 24 Ill. 644; Pike v. Colvin, 67 Ill. 227; Schroder v. Keller, 84 Ill. 46; Madison Co. v. Rutz, 63 Ill. 65; Kimball v. Ritter, 25 Ill. 276; Swingley v. Haynes, 22 Ill. 214; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105.

LACEY, P. J.  The entry made by the justice of the peace shows the name of the mortgagor and two of the five grantees, but the date of the entry, date of the mortgage or the date of the acknowledgment, or the certificate that it was acknowledged at all, are entirely omitted.

The statute requires that the justice shall, if the acknowledgment is of a resident of the State, enter in his docket a memorandum thereof substantially as follows:

A. B., Mortgagor, ⎫
        to        ⎬ Mortgage of
C. D., Mortgagee. ⎭ (Here insert the property mortgaged.)
    " Acknowledged this...... day of.........., 18.... "

This entry does not appear to be a compliance with the above requirements of the statute, as by it the date of the acknowledgment is to be given. It is a part of the required form. The justice wholly failed to enter the required fact that any acknowledgment of the mortgage had been made or taken, or the date thereof, and no one could tell, by an examination of the entry, whether the mortgage was in fact acknowledged, or if acknowledged, was in force.

The acknowledgment is necessary to its validity, and unless acknowledged it was of no force or effect. It could not even be ascertained by such inspection when this entry was made, and whether ever made, up to the day the property was seized, June 3, 1883, the time the notes were due. It was not an entry in compliance with the statutory requirement to enter on the docket that "chattel mortgage was given by B. F. Ridgeway to Charles Jamison and Gustavus Schimpft." The mortgage may have been given but not acknowledged, and of that fact the entry was silent. The omission to state all the names of the grantees might not have been fatal to the validity of the mortgage, but we think the other omissions were,

The People v. Hamilton.

and rendered the mortgage void as between the grantee and judgment or attachment creditors, or purchasers. The justice must substantially comply with the statute. It is not enough that the entry would be sufficient to put the examiner on inquiry as to whether the mortgage had been in fact acknowledged and the date thereof. It was held in Koplin v. Anderson et al., 88 Ill. 120, that it was essential to the validity of a mortgage that the requirements of the statute that the justice should make entry of the mortgage on his docket, in the form prescribed, be complied with. That an omission by the justice to make the proper entry rendered the mortgage invalid, and it did not matter that it was properly acknowledged and recorded. If the justice entry was not made it was invalid.

The court say " after these preliminary acts have been performed, to become valid as against subsequent purchasers and incumbrancers, there remains the further indispensable act of filing the mortgage in the proper office, to be recorded ; nor is this last requirement intended to supersede or dispense with the prior acts required by the statute. The act of recording is obviously designed to afford additional facilities for learning whether the property is incumbered. There is nothing in the statute from which it can be inferred that the recording the mortgage should dispense with or supply the place of the other requirements.

" To hold that the entry in the justice docket is not essential would be a virtual repeal of the requirement, whilst there would seem to be no doubt it was intended to have operation and effect, and we can see no other practical operation that can be given to it."

We have quoted enough of the opinion of the Supreme Court to show the view it takes of the law and the manner in which it construes the statute. The doctrine requiring subsequent purchasers and incumbrancers to be put upon inquiry applies only in case of real estate deeds and mortgages, not to chattel mortgages. In case of real estate deeds and mortgages, actual notice may cure the omission to acknowledge and record, but in case of chattel mortgages, being wholly a creation of the statute, in order to make them valid, the statute

must be substantially complied with. Actual notice will not supply the place of acknowledgment or record as against subsequent purchasers or incumbrancers, and as the Supreme Court has decided that the justice docket entry is just as essential as either the acknowledgment or record, we suppose it would follow that the entry as well as the acknowledgment or record must stand or fall by itself; in fact that each one must be complete in itself and must be a substantial compliance with the statute; that a failure to substantially comply with the statute is as fatal in its effect as an omission altogether. In this, the entry, the acknowledgment and date being omitted, was as much a lack of and as much a failure to comply with the statute as to have omitted the entire docket entry. In making these entries the justice is a ministerial officer and liable for negligence in failing to comply with the statute. Harlow v. Birger, 30 Ill. 425. Because we hold that the declaration shows a good cause of action and the court erred in sustaining the demurrer to it, we reverse the judgment and remand the cause to the court below.

Reversed and remanded.