# CALUMET PAPER COMPANY
## V.
## KNIGHT & LEONARD COMPANY.

*Replevin—Justification of Sheriff under Execution—When Judgment Must Be Shown—Chattel Mortgages—Practice.*

1. Where no plea of *nul tiel* corporation has been filed, it is not necessary for a plaintiff corporation to make proof of its existence.

2. It is not necessary for plaintiff, in an action based on a chattel mortgage, to prove that, at the acknowledgment of the mortgage, the justice made the entry in his docket required by the statute.

3. It was discretionary with the court in the case presented to refuse, at the close of the plaintiff's case, to allow the defendant to file a plea of justification.

4. Where a sheriff, being the defendant in an action of replevin, justifies under an execution, and desires to show that the claim of the plaintiff (who is not the defendant in the execution) is fraudulent as to creditors, he must show a valid judgment as well as an execution thereon issued.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

In May, 1889, the Charles J. Johnson & Co. Company was indebted to appellant to the amount of about $1,200, and appellant was pressing for payment. Johnson was also indebted to other creditors, among them, appellee, to whom Johnson & Co. was owing $903.39 for rent and press work. For this a ninety-day note was given to appellee on May 15th. About May 18th a levy was made on the property of Johnson & Co., in favor of Marder, Luse & Co., to the amount of $400, which amount appellee paid and took from Johnson & Co. a sixty-day note for $400, dated May 18th. Upon the same day, May 18th, Johnson & Co. gave appellee a note for $2,500 due two years after date, and a chattel mortgage on its printing office to secure the same. On May 22d an execution for over $1,200, in favor of appellant and against Johnson &

Co., was levied on the goods in the printing office of Johnson & Co., being the same chattels described in the mortgage by it given to appellee. Thereupon appellee brought an action of replevin against the sheriff and appellant.

Upon the trial appellee introduced no evidence except the execution issued upon its judgment, and the return of the sheriff showing the levy he made on the property of Johnson & Co. by virtue thereof, and that on June 1st the coroner of Cook county, by virtue of a writ of replevin, took the property so levied upon away from him, the sheriff. Appellee, at the same time, asked leave to file a special plea of justification by the sheriff, under the said judgment and execution in favor of appellee, which plea of justification the court refused to allow appellee to file, it not having been offered until after the plaintiff had closed its case.

There was a finding and judgment for the plaintiff, from which the defendant, the Calumet Paper Company, appealed.

Messrs. E. F. Runyan and Samuel S. Parks, for appellant.

Messrs. Gurley & Wood, for appellee.

Waterman, P. J. No plea of *nul tiel* corporation having been filed, it was not necessary that the plaintiff below make proof of its corporate existence. Nor was it necessary that the plaintiff should show that at the acknowledgment of the mortgage, the justice made the entry in his docket, which, by the statute, it was his duty to make. Harlow v. Berger, 30 Ill. 425.

It was clearly proven that at the time of the making of the mortgage Johnson & Co. were already indebted to appellee to an amount exceeding $1,300. The Johnson & Co. Company was also liable to appellee for rent that would accrue upon a lease that had then a considerable time to run, and was likely to become further indebted to appellee for a lot of press work appellee had just started to do for Johnson & Co. The consideration for the mortgage and that it was executed to secure a large amount of *bona fide* indebtedness, was fully established.

There was no error in the court's exercising its discretion as it did in refusing to allow the defendants to file, at the conclusion of the plaintiff's case, a plea of justification. Appellant's plea, if filed, would not have been sustained by the evidence; appellant did not offer to show any judgment upon which the execution under which the sheriff sought to justify, was issued, or offer anything save the mere writ and return thereon.

Where a sheriff, being the defendant in an action of replevin, justifies under an execution, and desires to show that the claim of the plaintiff is fraudulent as to creditors, he must show a valid judgment as well as an execution thereon issued. This is not the case where the plaintiff in the action of replevin is the defendant in the execution upon which the sheriff acted and under which he seeks to justify. In such case, the execution itself is a sufficient justification for a seizure of the goods of the defendant in the execution (plaintiff in the action of replevin) where the seizure is only of such goods as are, by law, liable to be taken upon execution. Dayton v. Fry, 29 Ill. 526; Johnson v. Holloway, 82 Ill. 334; Jackson v. Hobson, 4 Scam. 411; Hartman v. Cochrane, 2 Ill. App. 592; Sandford Mfg. Co. v. Wiggin, 14 N. H. 441; Ambler v. Traver, 2 Ill. App. 614.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*