## Lena Wineberger v. John L. Bliss.

1. HUSBAND AND WIFE—*Transfers of Property Between.*—Under section 9, Ch. 68, R. S., entitled "Husband and Wife," a transfer of personal property between husband and wife, living together, is not void as against the rights and interests of third persons, unless such transfer or convey-

ance is in writing, and be acknowledged and recorded in the same manner as chattel mortgages are required to be acknowledged and recorded, where the possession of the property is to remain with the mortgagor.

2. Bills of Sale—*Between Husband and Wife.—Acknowledgment.*— The entry upon the justice's docket of a transfer of personal property between husband and wife must be made at the same time with the acknowledgment and as a part of it. Its omission or postponement until the instrument has been filed for record, is fatal to its validity.

3. Married Women—*Acquisition of Property from Husbands.*— The fact that a wife has acquired personal property from her husband, paid for it in good faith, and taken actual possession of it before an execution against her husband came to the hands of an officer, will not entitle her to hold it against the creditors of her husband without a transfer or a conveyance, valid under the statute. She can acquire no title from her husband by such means as will be valid as against the rights or interests of " any third person."

Memorandum.—Replevin. Appeal from the Circuit Court of Sangamon County: the Hon. James A. Creighton, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

M. U. Woodruff and John C. Snigg, attorneys for appellant.

Sanders & Bowers and E. L. Chapin, attorneys for appellee.

Mr. Justice Pleasants delivered the opinion of the Court.

Appellant replevied the goods in controversy from the constable, who had taken them under execution against her husband, with whom she was residing. Pleas of *non cepit, non detinet,* property in a third person and justification under the executions were interposed, on which issues were made and a trial had. By direction of the court on defendant's motion the jury found for him, and judgment was given for a return of the property, with one cent damages and the costs, from which she took this appeal.

She claimed solely under a bill of sale from her husband, executed, acknowledged and filed for record on December

13, 1892. But in his certificate of acknowledgment the justice of the peace did not state that it was entered by him, nor did he in fact make upon his docket the entry prescribed and required by the statute. Ten days later, and after the bill was recorded, the fact of these omissions having been discovered, or its importance come to be apprehended, a copy of portions of it was sent to the justice and from that the entry was made; but he also noted that it was made "on 23d day of December, 1892, at 11:15 in the morning."

The statute declares that " where husband and wife shall be living together, no transfer or conveyance of goods and chattels between such husband and wife shall be valid as against the rights and interest of any third person, unless such transfer or conveyance be in writing, and be acknowledged and recorded in the same manner as chattel mortgages are required to be acknowledged and recorded by the laws of this State, in cases where the possession of the property is to remain with the mortgagor." R. S., Ch. 68, Sec. 9.

And where the mortgagor in such case is a resident of this State, the statute requires the entry in the justice's docket, shall be "substantially as follows: A B (name of mortgagor), to C D (name of mortgagee), mortgage of (here insert description of the property as in the mortgage). Acknowledged this.... day of....18...."

These statutes plainly make substantial compliance with these requirements essential to the validity of the instruments respectively mentioned. And they must be complied with in the order prescribed, which is not only prescribed, but natural and necessary. Manifestly, it would not be a compliance to have the instrument recorded before it is acknowledged, or acknowledged before it is executed. The justice of the peace is required not only to append to it his certificate of its acknowledgment, but also to make an entry in his docket, giving the names of the parties, the description of the property, and the fact and date of the acknowledgment; and the statute contemplates this entry as to be made at the time and as a part of the acknowledg-

ment. Its omission or postponement until the mortgage or bill has been filed for record is fatal to their validity. Koplin v. Anderson, 88 Ill. 120; People v. Hamilton, 17 App. 603. The same conclusion is implied in Harvey v. Dunn, 89 Ill. 585, and Schroder v. Keller, 84 Ill. 46, cited for appellant. For that reason the court below properly excluded the bill of sale offered in this case; and without that she could not lawfully recover.

The position that payment for the property by her, in good faith, and actual possession taken before the executions against her husband came to the hands of appellee, would entitle her to hold it as against these creditors, is not tenable. Without a transferor a conveyance valid under the statute she could acquire no title from her husband by such means that would be valid as against the rights or interests of "any third person." As against existing liens, of course, not even a statutory transfer or conveyance would avail her. The statute was intended for the protection of subsequent purchasers and incumbrancers. Judgment affirmed.