## Crescent Coal and Mining Company v. Henry S. Raymond, Assignee, et al.

1.  CHATTEL MORTGAGES—*Priorities of Liens—Irregularities in Execution.*—A justice's entry of a chattel mortgage upon his docket, sufficient as to the description of the property, but defective in that it headed such description (instead of following the statutory form), as follows, "Lewis H. Painter v. Andrew Crawford, Chat. Mtg., Mch. 15, '93, Con. $1,392.40," is not such an irregularity of itself as renders the mortgage invalid.

2.  SAME—*Sufficiency of Description.*—It is no objection to the description of the property in a chattel mortgage that it does not state where the property is kept, if the description is otherwise sufficient for purposes of identity.

**Memorandum.**—Proceedings under the voluntary assignment act. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.    Heard in this court at the October term, 1894, and affirmed.    Opinion filed December 20, 1894.

APPELLANT'S BRIEF, BANGS, WOOD & BANGS, ATTORNEYS.

This case is, in effect and under the law, an equitable proceeding, and to be governed so far as necessary by the rules and principles of equity practice.    Field v. Ridgely, 116 Ill. 424; Ide v. Sayer, 129 Ill. 230.

The omission of a justice of the peace on taking an acknowledgment of a chattel mortgage to make a memorandum or entry of the property mortgaged on his docket, renders the mortgage invalid as to other lien holders or subsequent purchasers. Koplin v. Anderson, 88 Ill. 120; People v. Hamilton, 17 Ill. App. 599; Long v. Cockren, 128 Ill. 29–37.

The entry of this memorandum is an essential part of the acknowledgment, so far as the rights of third persons are concerned. The requirement of the statute is peremptory. The mortgage being recorded in the recorder's office will not supersede the necessity of such entry. Kolpin v. Anderson, 88 Ill. 120; People v. Hamilton, 17 Ill. App. 599.

A failure substantially to comply with the statute is as fatal in its effects as to omit the docket entry altogether. People v. Hamilton, 17 Ill. App. 599.

A chattel mortgage not acknowledged as required by the statute is void as to creditors and purchasers, notwithstanding actual notice. Lang v. Cockren, 128 Ill. 29–36; Frank v. Miner, 50 Ill. 444; Porter v. Dement, 35 Ill. 478; Forest v. Tinkham, 29 Ill. 141.

Under a chattel mortgage the legal title passes to the mortgagee as security for the performance of the conditions of the mortgage; the mortgagee stands in the relation of the vendee. Koess v. Kett, 40 Ill. App. 100; Frink v. Pratt, 130 Ill. 332.

As to third parties a chattel mortgage must point out the subject-matter of it, so that a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property mortgaged. Jones on Chattel Mortgage, Secs. 53, 54.

PARKE E. SIMMONS, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from the judgment of the County Court settling the priorities among chattel mortgages upon property included in an assignment for the benefit of creditors.

One of those mortgages was to the appellant. Among those prior in date, was one to Andrew Crawford, and another to W. L. Roseboom & Co. The mortgage to Crawford is attacked upon the ground that the entry upon the docket of the justice, before whom the mortgage was acknowledged, is insufficient. The statute is that the entry shall be substantially: "A. B. (name of mortgagor) to C. D. (name of mortgagee) mortgage of (here insert description of the property as in the mortgage). Acknowledged this —— day of —— 18—." Sec. 3, Ch. 95, Mortgages. The next preceding section requires the justice to state in the certificate of acknowledgment, "and entered by me," which words refer to the entry upon the docket.

In Koplin v. Anderson, 88 Ill. 120, it was held that a chattel mortgage, of which the justice made no entry upon his docket, was invalid as against a subsequent one complying with all statutory requirements.

In making that decision the court laid great stress upon the words, "and entered by me," although they had before held in Schroder v. Keller, 84 Ill. 46, and afterward repeated in Harvey v. Dunn, 89 Ill. 585, that those words might be omitted without affecting the validity of the mortgage. In 84 Ill., cited, they said: "The mortgagor seems to have done all that was required of him to make the acknowledgment of the instrument valid." The same remark is applicable in 88 Ill., cited. In Cook v. Hall, 1 Gilm. 575, it was held that the party claiming under a deed which he filed for record "ought not to be prejudiced by the mere failure of the officer to make the proper entry." The statute there construed provided that the deed should "take effect and be in force from and after the time of filing the same for record and not before." The statute as to chattel mortgages is that being "acknowledged as provided in this act," shall "be good and valid from the time it is filed for record." Cook v. Hall, remains law; see Natlinger v. Ware, 41 Ill. 245, where the court say that "the legislature ought not to take from a purchaser the benefit of his contract, and divest his title to property, when he has done all that it is in his power to do

for the purpose of giving notice to subsequent purchasers by filing his deed in apt time for record." Yet whatever criticism Koplin v. Anderson may justly be subject to, we are bound to obey it in a parallel case, which this is not.

Here the justice made the entry, sufficient as to the description of the property, but defective in that it headed that description, instead of following the statutory form as follows:

Lewis H. Painter,    ) Chat. Mtg.
    v.                } Mch. 15, '95.
Andrew Crawford.    ) Con. $1,392.40.

The certificate of acknowledgment indorsed upon the mortgage is perfectly correct, and states " entered by me this 15th day of March, A. D. 1893."

As there is no other possible purpose for which an entry upon the docket of a justice, of a chattel mortgage can be made than to comply with the statute relating to chattel mortgages, and as it seems impossible that any intelligent person could either have been misled, or failed to be really informed, by the entry, we hold that the mortgage is valid.

The objection to the Roseboom mortgage is that it does not state where the property was kept, but the description by age, sex and color of horses, double harness with high horns and brass trimmings, trucks of described colors and names painted on them, are features of identity, sufficient. Pike v. Colvin, 67 Ill. 227; Bell v. Prewith, 62 Ill. 361.

We hold that the County Court was right in giving those mortgages preference to that of the appellant and affirm the judgment.