## James Pease v. The L. Fish Furniture Co.

1. STATUTES—*Grammatical Accuracy in Construing.*—In construing statutes, grammatical accuracy is not so much to be sought for as the intent and purpose of the enactment.

2. CHATTEL MORTGAGES—*For Purchase Money.*—Section 34, Chapter 95, R. S., entitled " Mortgages," providing that no chattel mortgage executed by a married man or woman on household goods shall be valid unless joined in by the husband or wife, has no application to a mortgage given to secure the purchase money of the goods upon which it is given. Paterson v. Higgins, 58 Ill. App. 268, followed.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

[NOTE.—*The memorandum made by the justice before whom the mortgage was acknowledged, held sufficient by the court, was as follows:*

| " Chattel Mortgage, | Mrs. Abby Pinkston |
|---|---|
| Dated Sept. 12, 1894. | to |
| Consideration $600.00. | L. Fish. |

Ack'd and ent'd Sept. 14, 1894.

3 chamber suits, 3 folding beds, 1 dresser, 3 toilet dresser, 3 matt., 2 cheffoniers, 3 springs, 1 center table, 1 center table, 1 6-foot extension table, 2 center tables, 10 pair pillows, 1 pair curtains, 10 comforters, 1 Laurel range, pipe, furniture and water front, No. 1408 Wabash Av."]

S. W. McCASLIN, attorney for appellant.

HOFHEIMER & PFLAUM, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Appellee, "a regular dealer on the so-called installment plan," sold to a married woman a quantity of furniture, taking as security therefor a chattel mortgage upon the property so sold; the mortgage was executed by the purchaser alone, her husband not joining therein, which mortgage was duly acknowledged and recorded.

Thereafter, judgment having been obtained against the purchaser, a levy was made upon the mortgaged property; whereupon appellee replevied said furniture.

We have in Patterson v. Higgins, 58 Ill. App. 268, passed upon the question here presented. To the ruling in that case we adhere.

Appellant urges that the grammar of the chattel mortgage statute is opposed to the construction we have put upon that act.

In construing statutes, grammatical accuracy is not so much to be sought for as the intent and purpose of the enactment. Endlich on Construction of Statutes, Sec. 113.

The memorandum made by the justice before whom the mortgage was acknowledged was sufficient. Crescent Coal and Mining Co. v. Raymond, 57 Ill. App. 197. Affirmed.